Herman H. JUSTICE, Plaintiff-Appellee,

v.

UNION CARBIDE CORPORATION,
Defendant-Appellant.

No. 76–1076.

United States Court of Appeals,
Sixth Circuit.

March. 23, 1977.

E. H. Rayson, Knoxville, Tenn., G. Wilson Horde, E. C. McFaddin, Oak Ridge, Tenn., for defendant-appellant.

W. Clark Meredith, Joyce, Anderson, Wood & Meredith, E. L. Joyce, Oak Ridge, Tenn., for plaintiff-appellee.

Before EDWARDS and PECK, Circuit Judges, and SILER,* District Judge.

This appeal, perfected from a judgment entered by the Court without the intervention of a jury in favor of plaintiff in this action seeking to recover disability pension benefits, has been submitted on the record on appeal and on the briefs and arguments of counsel. Being fully advised in the premises, the Court concludes that for the reasons set forth in the memorandum opinion filed November 26, 1975, by District Judge Robert L. Taylor, 405 F.Supp. 920, said judgment was properly entered, and accordingly,

IT IS ORDERED that the judgment of the district court be and it hereby is affirmed.

SILER, District Judge (concurring in part and dissenting in part.)

I respectfully dissent. I agree with the majority that the District Court was correct in finding that the plaintiff was not precluded from bringing this action by a failure to exhaust his contractual remedies. As a retired member of the collective bargaining unit, he could sue at common law for this breach of contract. See *Allied Chemical and Alkali Workers v. Pittsburgh Plate Glass Co.,* 404 U.S. 157, 92 S.Ct. 383, 30 L.Ed.2d 341 (1971).

On the other hand, I believe that the lower court's finding that the plaintiff's total and permanent disability occurred after June 30, 1972, was clearly erroneous under Rule 52(a), Fed.R.Civ.P. That date, of course, is crucial, because the collective bargaining agreement between the union and defendant company provided for a pension for disability benefits if the disability commenced after June 30, 1972. Thus, if the disability occurred before that date, the plaintiff could not recover.

Plaintiff applied in August 1972 for Social Security benefits, stating that he had been unable to work since January 31, 1972, except for a "17 day unsuccessful work attempt" from May 8 to June 15, 1972. Moreover, he took sick leave beginning on June 15, 1972, upon his doctor's advice because of a then-existing but unevaluated condition.

Although his physician did not conclude that the plaintiff was disabled until July 25, 1972, there was no proof that the plaintiff's physical condition had changed from June 15 until July 25. Actually, that period of time was spent by the plaintiff undergoing tests and examinations for the physician's later evaluation. Furthermore, that same physician on five occasions stated in his reports to the plaintiff that the disability occurred on June 15, 1972.

The only evidence in support of the claim of disability occurring after June 30, 1972, is the doctor's statement that plaintiff could have been working during the time period of June 15 to July 25. As a matter of fact, the evidence shows this colloquy:

---

* Honorable Eugene E. Siler, Jr., United States District Judge for the Eastern and Western Districts of Kentucky, sitting by designation.

"Q (by counsel) Dr. Novinger, you did, as I understand it, consider the man disabled on June 15, 1972?

"A That's a cozy question. I did not think at that time he was fit to go back to work, until I had more information on him, but I was not ready to declare him 100% off work, I mean I didn't want him to stop working at that moment."

Thus, I am "left with the definite and firm conviction that a mistake has been committed," *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948), and therefore, I feel the lower court's decision should be reversed.